## Barto v. Hellam Township

C.P. of York County, no. 91-SU-00549-01.

*William E. Haggerty,* for plaintiffs.
*David A. Fitzsimons,* for defendant.

UHLER, *P.J.,* March 26, 1996—Before the court is the defendant's motion to compel answers to interrogatories filed on October 2, 1995. Specifically, the defendant seeks specific expert reports or responsive an-

swers to their expert interrogatories signed by the individual experts pursuant to Pa.R.C.P. 4003.5. The instant motion was presented at this court's December 22, 1995 business session and both parties have provided a legal brief in support of their respective positions.

The instant action arises out of a one vehicle accident on July 21, 1989. The plaintiff commenced the litigation by filing a complaint on or about January 30, 1991. On February 13, 1992 the defendant served interrogatories and expert interrogatories "addressed to plaintiffs" upon plaintiff's counsel via first class mail in accordance with Pa.R.C.P. 4005.

Interrogatory no. 4 contained the following request:

"State the names, business and residence addresses, and employers of each person whom you will call as an expert witness at the trial of this matter, including medical witnesses identified with regard to the issues of liability (L) and damages (D), and with regard to each expert state:

"The subject matter on which the expert is expected to testify;

"The substance of the facts and opinions to which the expert is expected to testify;

"A summary of the grounds for each opinion;

"Whether the facts and opinions to which the expert is expected to testify are contained in any written report, memorandum, or other document, and, if so, identify the name and address of the present custodian of said report, memorandum or other document. (A copy of the expert report may be attached in lieu of answering Interrogatory no. 4.)"

On or about March 12, 1992, the plaintiffs answered, "[t]his has not yet been determined. When such determination is made, this answer will be supplemented in accordance with and as limited by the Pennsylvania Rules of Civil Procedure."

On May 27, 1992, the defendant filed a motion to compel more specific answers to said interrogatories. The plaintiffs argued, inter alia, that the information sought could not be supplied until after depositions and other discovery had been completed. The court, per Judge Richard H. Horn, agreed with the plaintiffs and denied the motion by an opinion and order dated October 14, 1992.

At some point during the ensuing discovery process the plaintiffs informed the defendant that all of the experts they intended to call were treating physicians whose testimony would be based solely on their records of Mr. Barto's treatment. The plaintiffs provided the defendant with a list of Mr. Barto's health care providers and the treatment records of these physicians. On December 12, 1994 the defendant filed a motion for summary judgment. The court, per Judge Horn, denied the motion by an opinion dated May 25, 1995 and plaintiffs' counsel thereafter filed the instant motion.

## DISCUSSION

The plaintiffs argue that where the testimony of a treating physician will be offered at trial it "is the usual and customary practice" to produce the records from which he or she will testify in lieu of additional reports. The plaintiffs further aver that the records of their treating physicians, which have been produced, provide the

information discoverable under Pa.R.C.P. 4003.5 and will enable the defendant to adequately prepare rebuttal witnesses. Finally, the plaintiffs contend that Pa.R.C.P. 4006(b) permits these records to serve as answers to the defendant's interrogatories.

Conversely, the defendant argues that the plaintiffs are required to provide it with expert medical reports or signed interrogatory answers responsive to their expert interrogatories pursuant to Pa.R.C.P. 4003.5.

Rule 4003.5, captioned "Discovery of expert testimony. Trial preparation material," provides, in applicable part, that:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 *and acquired or developed in anticipation of litigation or for trial,* may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified by him state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his answer a report of the expert or have the interrogatories answered by his. expert. The answer or separate report shall be' signed by the expert." Pa.R.C.P. 4003.5

Here, plaintiffs' counsel has represented that all of the expert witnesses he intends to call are *treating phy-*

*sicians.* We do not believe that Rule 4003.5 applies to discovery of facts known and opinions held by experts who are also treating physicians because a treating physician's factual knowledge and opinions are, by definition, not acquired or developed in anticipation of litigation or for trial. Thus, the defendant may not utilize this rule. Nevertheless, the defendant may obtain the information it is seeking from the plaintiffs' experts/treating physicians pursuant to Pa.R.C.P. 4003.6 because the plaintiffs have consented to such discovery.

As to the form of the response, Rule 4006, captioned "Answers to written interrogatories by a party," provides, in applicable part, that:

"(b) Where the answer to an interrogatory may be derived from the records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of that party's records, or from a compilation, abstract or summary based thereon, *and the burden of deriving or ascertaining the answer would be substantially the same for the party serving the interrogatory as for the party served, a sufficient answer to such an interrogatory shall be to specify the records from which the answer may be derived or ascertained* and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect those records and to make copies, compilations, abstracts or summaries, provided that a copy of any compilations, abstracts or summaries so made shall forthwith be furnished to the party producing the records." (emphasis added) Pa.R.C.P. 4006(b).

Initially, we note that Rule 4006 would apply to the plaintiffs' response to Interrogatory no. 4 because the

interrogatory was addressed to the plaintiffs and would therefore yield answers "by a party." However, in applying subsection (b) to the case at bar, we find the answer referring the defendant to a stack of medical records to be insufficient. Such an answer would impose upon the defendant a mass of records which could more feasibly be researched by the plaintiffs and their experts due to the latter's familiarity with the records. Moreover, the plaintiffs would be imposing a greater burden on the defendant than is allowed. See *Northampton Borough Municipal Authority v. Remsco Associates Inc.,* 22 D.&C.3d 541 (Lehigh 1981).

Based on the foregoing, we direct the plaintiffs to answer Interrogatory no. 4 in accordance with the provisions of 4006(a)(1) and 4006(a)(2). This will prevent unfair surprise and provide sufficient notice of the plaintiffs' experts' theories to enable the defendant to prepare rebuttal witnesses. See *Jones v. Constantino,* 429 Pa. Super. 73, 631 A.2d 1289 (1993); *Wilkes-Barre Iron & Wire Works Inc. v. Pargas of Wilkes-Barre,* 348 Pa. Super. 285, 502 A.2d 210 (1985).

An appropriate order shall be entered.

### ORDER

And now, to wit, March 26, 1996, in accordance with the attached opinion, the defendant's motion to compel answers to interrogatories is *granted.*

We direct the plaintiffs to provide the defendant with signed answers to Interrogatory no. 4 pursuant to Pa.R.C.P. 4006(a)(1) and 4006(a)(2) within 60 days of the date of service of this order.